FILED
CLERK
1:55 pm, Nov 26, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
DEBRA RECHLER,

                Plaintiff,         **MEMORANDUM OF**
                                         **DECISION & ORDER**
       -against-             2:18-cv-03960 (ADS)(GRB)

UNITED VAN LINES LLC d/b/a UNITED,
MAYFLOWER TRANSIT, LLC and CHIPMAN
RELOCATION & LOGISTICS,

                Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Ruskin Moscou Faltischek, P.C.**
*Counsel for the Plaintiff*
1425 RXR Plaza
Uniondale, NY 11556
       By:    Jonathan C. Sullivan, Esq., Of Counsel

**George W. Wright & Associates, LLC**
*Counsel for the Defendants*
88 Pine Street
New York, NY 10005
       By:    George W. Wright, Esq., Of Counsel

**SPATT, District Judge**:

       Debra Rechler ("Rechler" or the "Plaintiff") commenced this action against United Van Lines LLC d/b/a United ("United"), Mayflower Transit LLC ("Mayflower"), and Chipman Relocation & Logistics ("Chipman") (together, the "Defendants") after her possessions were allegedly damaged in a long-distance move during the fall of 2016. The Plaintiff alleges that the

Defendants are liable under the Carmack Amendment, 49 U.S.C. § 14706, for the damage caused to the Plaintiff's personal possessions.

Presently before the Court is a motion by the Defendants, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6), seeking to dismiss Mayflower and Chipman from the complaint for failure to state a claim upon which relief may be granted.

For the following reasons, the Defendants' motion to dismiss is granted.

## I. BACKGROUND

Unless otherwise noted, the following facts are drawn from the Plaintiff's complaint, and for the purposes of the instant motion, are construed in favor of the Plaintiff.

On October 24, 2014, Rechler signed a Bill of Lading contract (the "Bill of Lading") to move her personal possessions from Los Angeles, California to Sands Point, New York. The Bill of Lading lists United as the motor carrier and Chipman as the agent. The Plaintiff paid $64,104.52 to move her property, which weighed 47,977 pounds and was valued at a combined sum of $306,900.00. At the time of the move, the Plaintiff's property was in good condition without damage. United picked up the goods on October 28, 2014 from the Plaintiff's residence and delivered them to her new residence on or about November 5, 2014.

The complaint alleges that when her shipment arrived in Sands Point, New York, many of her belongings were damaged, including a foyer chandelier; bedroom chandelier; marble table; bedroom nightstand; gilt & rock crystal table; wood chest; fruitwood chair; corner consoles; rose quarts; rock crystal sconces; dining table; dining room sideboard; antique pot; silk velvet settee; theater chaise; armoire; mirror; coffee table base; glass sconce; boule cabinet; chinoiserie desk; two table chairs; white silk velvet chair; floor lamp; gold gilt wall brackets; bronze crystal chandelier; hanging lanterns; marble desk and framed print. The Plaintiff contacted United to

inform it of the damaged objects. United conceded that it damaged all of the items-at-issue except (1) corner consoles; (2) a marble desk; and (3) gold gilt wall brackets. For the other items, United agreed to provide cash allowances or repair them.

The Plaintiff contends that the cash allowances offered by United are insufficient and do not reflect the true value of the items, which she believes received damage in excess of $150,000. At that time, United purportedly demanded that Rechler pay a balance of $17,618.00 owed to Chipman for transportation fees. The Plaintiff was required to pay this sum for United to begin repairs or provide cash allowances. Rechler and Chipman never signed a contract regarding the Plaintiff's move.

Upon information and belief, the Plaintiff claims that Mayflower and Chipman are affiliated with United and that they were also responsible for shipping and/or packing Rechler's items.

## II. DISCUSSION

### A. STANDARD OF REVIEW: FED. R. CIV. P. 12(B)(6)

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See, e.g.*, *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016); *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free Sch. Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the *Twombly* standard, the Court may only dismiss a complaint if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp.*

3

*v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The Second Circuit has expounded that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to survive a motion to dismiss. FED. R. CIV. P. 8(a)(2). Under Rule 8, a complaint is not required to allege "detailed factual allegations." *Kendall v. Caliber Home Loans, Inc.*, 198 F. Supp. 3d 168, 170 (E.D.N.Y. 2016) (quoting *Twombly*, 550 U.S. at 555). "In ruling on a motion pursuant to FED. R. CIV. P. 12(b)(6), the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). The Court "[is] not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

**B. CONSIDERATION OF MATERIALS OUTSIDE THE COMPLAINT**

Both parties have submitted declarations in support of their respective positions and exhibits attached to those declarations which contain supplemental materials.

"[F]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6)

4

motion." *Giugliano v. F3² Capital Partners, LLC,* No. 14-cv-7240, 2015 WL 5124796, at *7 (E.D.N.Y. Sept. 1, 2015) (Spatt, J.) (internal citation and quotation marks omitted); *Halebian v. Berv*, 644 F.3d 122, 131 n.7 (2d Cir. 2011) (noting the Second Circuit has recognized "exceptions to Rule 12(b)(6)'s general prohibition against considering materials outside the four corners of the complaint"). In adjudicating this motion, the Court is permitted to consider:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in [the] defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Envtl. Servs. v. Recycle Green Servs.*, 7 F. Supp. 3d 260, 270 (E.D.N.Y. 2014) (Spatt, J.) (quoting *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003), *aff'd in part and vacated in part on other grounds sub nom. Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71, 126 S. Ct. 1503, 164 L. Ed. 2d 179 (2006)); *accord Healthnow New York, Inc. v. Catholic Health Sys., Inc.*, No. 14-cv-986S, 2015 WL 5673123 (W.D.N.Y. Sept. 25, 2015); *Oberstein v. SunPower Corp.*, No. 07-cv-1155, 2010 WL 1705868, at *3 (E.D.N.Y. Apr. 28, 2010).

After reviewing the Complaint in conjunction with these materials, the Court finds that these documents are either incorporated in the Complaint by reference or were relied upon heavily in drafting the complaint and are thus "integral" to the complaint. The Plaintiff "'relie[d] heavily upon [these documents'] terms and effect,' thereby rendering the document[s] 'integral' to the complaint.'" *DiFolco*, 622 F.3d at 111 (internal citations omitted). *See, e.g., Gesualdi v. Fazio*, No. 16-CV-5209, 2017 WL 8794775, at *1 n.2 (E.D.N.Y. Dec. 12, 2017), *report and*

5

*recommendation adopted sub nom. Pearson Capital Partners LLC v. James River Ins. Co.*, 151 F. Supp. 3d 392, 402 (S.D.N.Y. 2015) ("The Complaint thus 'relies on the terms and effect' of the [letters], rendering those documents 'integral' to the Complaint and appropriate for consideration in adjudicating a motion to dismiss." (internal citations omitted)); *Johnson v. Levy*, 812 F. Supp. 2d 167, 177 (E.D.N.Y. 2011) (Spatt, J.) (considering letters because "they were incorporated by reference and … integral to the complaint").

Accordingly, the Court will consider the parties' supporting documents for purposes of adjudicating the instant motion.

## C. THE CARMACK AMENDMENT

The Plaintiff's only cause of action alleges liability under the Carmack Amendment, 49 U.S.C. § 14706, for the damage caused during the move. The Defendants contend that Rechler is precluded from asserting Carmack Amendment claims against Mayflower and Chipman.

The Carmack Amendment was enacted in 1906 as an amendment to the Interstate Commerce Act of 1887. It's intention was to provide interstate carriers with uniformity and additional confidence in assessing their risks and understanding potential liability. *Project Hope v. M/V IBN SINA*, 250 F.3d 67, 73 n.6 (2d Cir. 2001) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 381 (5th Cir. 1998); *Shao v. Link Cargo (Tiawan) Ltd.*, 986 F.2d 700, 704 (4th Cir. 1993)). It establishes a single uniform regime for shippers to recover from interstate carriers and preempts state and common law claims against an interstate carrier for loss or damage during a shipment. *Id*. (citing *Windows, Inc. v. Jordan Panel Sys. Corp.*, 177 F.3d 114, 117-18 (2d Cir. 1999); *Ward v. Allied Van Lines, Inc.*, 231 F.3d 135, 138 (4th Cir. 2000)). *See generally* Jeanne Kaiser, *Moving Violations: An Examination of the Broad Preemptive Effect of the Carmack Amendment*, 20 W. New Eng. L. Rev. 289, 294-301 (1998).

The statute reads, in relevant part:

> A carrier providing transportation or service under chapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service [under this Act] are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States.... Failure to issue a receipt or bill of lading does not affect the liability of a carrier.

46 U.S.C. § 14706(a)(1). "[T]he Second Circuit has concluded that the statutory scheme provided by the Carmack Amendment is the exclusive remedy whereby a shipper may seek reimbursement from a carrier for damage to his or her property that occurred during shipment." *Guru Kripa Foods, Inc. v. Inter, Inc.*, No. 10-CV-0229, 2012 WL 3306520, at *10 (E.D.N.Y. Aug. 10, 2012) (quoting *Commercial Union Ins. Co. v. Forward Air, Inc.*, 50 F. Supp. 2d 255, 257 (S.D.N.Y. 1999)); *see also N. Am. Phillips Corp. v. Emery Air Freight Corp.*, 579 F.2d 229, 233-34 (2d Cir. 1978) ("Congress has created a broad, comprehensive scheme covering the interstate shipment of freight, aimed at preventing preferential treatment among shippers and establishing national equality of rates and services. This has occupied the field to the exclusion of state law.").

The Defendants argue that as a statutory household goods agent, Chipman cannot be held liable pursuant to a bill of lading contract under the Carmack Amendment. 49 U.S.C. § 13907 states that:

> Each motor carrier providing transportation of household goods shall be responsible for all acts or omissions of any of its agents which relate to the performance of household goods transportation services (including accessorial or terminal services) and which are within the actual or apparent authority of the agent from the carrier or which are ratified by the carrier.

7

49 U.S.C. § 13907(a). Pursuant to 49 U.S.C. § 13907, Chipman, as United's disclosed household goods agent has no independent liability from that of United arising out of a shipment which is registered to ship pursuant to United's federal interstate operating authority.

In support of its motion, the Defendants have exhibited the bill of lading signed by the Plaintiff, which identifies Chipman as United's agent. As a disclosed household goods agent of United, Chipman provided booking, origin, hauling, transportation or destination services for United's interstate shipments, which are in accordance with a certificate of authority granted by the Department of Transportation. The Plaintiff does not dispute the Defendants assertion that Chipman acted as an agent of United, its disclosed principal, when transporting Rechler's property to New York.

As United's agent, Chipman is not liable for any alleged breach of the bill of lading. 49 U.S.C. § 13907 precludes Chipman's liability under the Carmack Amendment as a matter of law. *See Seguros Banvenez, S.A. v. S/S Oliver Dreschler*, 761 F.2d 855, 860 (2d Cir. 1985) (holding that an agent is not liable if a principal's contract is breached because "[w]hen an agent makes a contract for a disclosed principal, it becomes neither a party to the contract nor liable for the performance of the contract" (citing Restatement (2d) of Agency §§ 320, 328)); *Nichols v. Mayflower Transit, LLC*, 368 F. Supp. 2d 1104, 1109 (D. Nev. 2003) (dismissing Carmack Amendment claim against motor carrier's agent pursuant to 49 U.S.C. § 13907); *Taylor v. Mayflower Transit, Inc.*, 161 F. Supp. 2d 651, 658 (W.D.N.C. 2000) (granting summary judgment as to Defendants because "[e]ven though these 'household goods agents' appear to have been primarily responsible for this debacle, federal law provides that if liability is found, Mayflower [as the motor carrier] is liable for the acts and/or omissions of its participating disclosed household goods agents"); *O'Donnell v. Earle W. Noyes & Sons*, 98 F. Supp. 2d 60, 63 (D. Me. 2000)

(dismissing defendant from Carmack Amendment action and noting that "the courts have regularly applied agency principles to Carmack Amendment claims"); *Werner v. Lawrence Transp. Sys., Inc.*, 52 F. Supp. 2d 567, 568-69 (E.D.N.C. 1998) (dismissing Carmack Amendment claim because "[n]ot only does the statutory language impose liability on a motor carrier for the acts and omissions of the carrier's agent, but case law holds that the agent of a disclosed principal cannot be held liable pursuant to a duly issued bill of lading contract"); *Fox v. Kachina Moving & Storage*, No. 3:98-CV-0842, 1998 WL 760268, at *1 (N.D. Tex. Oct. 21, 1998) (dismissing defendant from case because as an agent of the disclosed principal, there can be no liability under the Carmack Amendment).

The Plaintiff also asserts that Mayflower is at least partially liable for her damaged property. Specifically, Rechler alleges that Mayflower had "some involvement" in the shipment based on a group of documents that displayed Mayflower's logo. However, she has not alleged any facts that allow the Court to conclude that Mayflower's role in her shipment exceeded that of United's agent. Even if Mayflower assisted in some manner with shipping and/or packing the Plaintiff's property, Rechler does not claim that she had any agreement with Mayflower separate from the Bill of Lading nor does she assert that Mayflower's actions were *ultra vires*, or outside its actual or apparent authority.

Rather, the complaint stipulates that United is responsible for any damages by Mayflower pursuant to the Bill of Lading signed by the Plaintiff. Without any allegations that Mayflower's conduct exceeded that of the Bill of Lading, there is no basis for direct liability for its own acts or omissions. Accordingly, any responsibility Mayflower may have for alleged damages under the Carmack Amendment exclusively lies with United. *See Werner*, 52 F. Supp. 2d at 568-69

9

(dismissing Carmack Amendment claim because "statutory language impose[s] liability on a motor carrier for the acts and omissions of the carrier's agent").

### III. CONCLUSION

For the reasons stated above, the Defendants' motion to dismiss the Plaintiff's complaint against Chipman and Mayflower, pursuant to Rule 12(b)(6), is granted. The Plaintiff's only claim against Chipman and Mayflower is dismissed with prejudice.

The Clerk of the Court is respectfully directed to terminate Chipman and Mayflower as parties to this action and to amend the caption as follows:

---------------------------------------------------------X
DEBRA RECHLER,

        Plaintiff,

    -against-

UNITED VAN LINES LLC d/b/a UNITED

        Defendant.
---------------------------------------------------------X

It is **SO ORDERED**:

Dated: Central Islip, New York

November 26, 2018

                                                                        */s/ Arthur D. Spatt*

                                                                   ARTHUR D. SPATT

                                                            United States District Judge